UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


THOMAS LOUIS DAVIS (#345339)

VERSUS                                           CIVIL ACTION

OUACHITA PARISH CORRECTIONAL                     NUMBER 12-150-FJP-SCR
CENTER, ET AL


### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, March 29, 2012.

                                      STEPHEN C. RIEDLINGER
                                      UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THOMAS LOUIS DAVIS (#345339)

VERSUS                                          CIVIL ACTION

OUACHITA PARISH CORRECTIONAL                    NUMBER 12-150-FJP-SCR
CENTER, ET AL

## MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Ouachita Parish Correctional Center and the Sheriff of Ouachita Parish, Louisiana.

Plaintiff alleged that his Department of Corrections (DOC) inmate number, 345339, is too low and may have belonged to someone else in the past. Specifically, the plaintiff alleged that he was convicted in 2005, which was his first conviction. Plaintiff alleged that his DOC number is particularly low and would have likely been assigned to an inmate convicted in 1992 or 1993. Plaintiff sought the identity of anyone previously assigned this DOC number, the date it was assigned, and the sentence that inmate served under the DOC number. Plaintiff also sought monetary damages for unspecified wrongful acts by the defendants.

### Applicable Law and Analysis

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

First, the plaintiff named the Ouachita Parish Correctional Center and the Sheriff of Ouachita Parish as defendants but he alleged no facts against either defendant.

Second, even if the plaintiff had named as a defendant the official with the Louisiana Department of Public Safety and

Corrections responsible for issuing the plaintiff his DOC number, the complaint would nonetheless be subject to dismissal for failure to allege any facts which rise to the level of a constitutional violation. Plaintiff did not allege that his master prison record contains incorrect information regarding his conviction or sentence as a result of the alleged error in assigning his DOC number. Nor did the plaintiff allege that any prison official has taken some adverse action against the plaintiff because the official thought the plaintiff is another person. Rather, the plaintiff merely speculates that because his DOC number seems low to him, it must have previously been assigned to another inmate. Plaintiff's dissatisfaction with his DOC number, without more, simply does not rise to the level of a constitutional violation. Furthermore, because no case has held that a prisoner has a constitutional right to be assigned any particular prisoner number, there is no possibility that plaintiff can amend his complaint to state a claim for relief based on being assigned an improper number.

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law and the allegations fail to state a claim, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and without leave of court to amend the complaint.

## RECOMMENDATION

It is the recommendation of the magistrate judge that this

action be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and without leave of court to amend the complaint.

Baton Rouge, Louisiana, March 29, 2012.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE